**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Leafty,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Aussie Sonoran Capital LLC, et al.,<br><br>　　　　　Defendants. | No. CV-15-00655-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant's Motion for Attorneys' Fees. (Doc. 41.) Pursuant to A.R.S. § 12-341.01(A), Defendant seeks $8,490.00 in attorneys' fees incurred in obtaining a dismissal order. (*Id.* at 1-2.) The motion is fully briefed and neither party requested oral argument. The relevant factual background is detailed in the Court's August 12, 2016 order granting Defendant's motion to dismiss (Doc. 40) and will not be repeated here. For the following reasons, Defendant's motion is denied.

**I.  Waiver**

Preliminarily, Plaintiff argues that Defendant waived its entitlement to attorneys' fees by not demanding them in its responsive pleading. (Doc. 42 at 4-6.) Plaintiff's argument is misguided because a motion to dismiss is not a "pleading" within the meaning of the Federal Rules of Civil Procedure. Rule 7(a) defines "pleading" as:

> (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders on, a reply to

an answer.

Rule 7 distinguishes between "Pleadings" and "Motions and Other Papers." *See* Fed. R. Civ. P. 7(a)-(b).  Rule 12 also distinguishes between pleadings and motions, providing that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required," but a party "may assert . . . defenses by motion." Fed. R. Civ. P. 12(b).

More importantly, however, Defendant was not required to demand attorneys' fees at the pleading stage.  Federal courts sitting in diversity apply state substantive law and federal procedural law.  *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965).  Although here state law governs Defendant's entitlement to fees, the Federal Rules of Civil Procedure "establish the method by which a federal litigant must obtain attorneys' fees[.]" *Port of Stockton v. W. Bulk Carriers KS*, 371 F.3d 1119, 1120 (9th Cir. 2004).   Pursuant to Rule 54(d), requests for attorneys' fees must be made by motion unless the substantive law requires those fees to be proven as an element of damages at trial. *Id.* at 1120-21.  When attorneys' fees are considered a form of special damages, Rules 54(d) and 9(g) require that they be specifically pled.

Plaintiff does not argue that attorneys' fees under § 12-341.01 are an element of damages that need to be proven at trial, nor has the Court found authority directing that result.  Section 12-341.01(A) allows the Court to "award the successful party reasonable attorney fees," which indicates that the right to fees does not accrue until the case has been decided.  Because attorneys' fees in cases arising out of contract fall within Rule 54(d)'s general purview, not its limited exception, Defendant has not waived its entitlement to attorneys' fees.

## II.  A.R.S. § 12-341.01(A)

Section 12-341.01 provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."  A claim arises under contract when "the claim could not exist 'but for' the breach or avoidance of contract." *Harris v. Maricopa Cty. Super. Ct.*, 631 F.3d 963, 974 (9th

- 2 -

Cir. 2011) (internal quotation and citation omitted). When determining whether a claim arises out of contract, the Court is not limited to the form of the pleadings and, instead, looks to the nature of the action and the surrounding circumstances. *Marcus v. Fox*, 723 P.2d 682, 684 (Ariz. 1986). The mere existence of a contract somewhere in the transaction, however, does not bring a claim within the purview of § 12-341.01. "The statute does not apply if the contract is only a factual predicate to the action but not the essential basis of it." *Kennedy v. Linda Brock Auto. Plaza, Inc.*, 856 P.2d 1201, 1203 (Ariz. Ct. App. 1993).

Plaintiff brought various statutory and tort claims, all of which were premised on the allegation that she had validly rescinded her home loan before a 2011 trustee's sale of her property. (Doc. 21.) Defendant argues that "[t]his case would not exist but for the 2007 loan and [Plaintiff's] breach thereof." (Doc. 43 at 6.) The Court agrees. Although Plaintiff's claims took the form of statutory and tort actions, they each were based on Plaintiff's contention that her home loan and accompanying deed of trust were void because she had exercised her rescission rights under the Truth In Lending Act (TILA). Thus, the success of Plaintiff's claims depended on a judicial determination that Plaintiff's mortgage contracts were unenforceable. *See Mullins v. S. Pac. Transp. Co.*, 851 P.2d 839, 842 (Ariz. Ct. App. 1992) (explaining that fees are not precluded when successful party proves the non-existence of a contract).

Having determined that this action arises out of contract, the Court has broad discretion to apportion fees. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985). In exercising its discretion, the Court considers: (1) the merits of the unsuccessful party's claim or defense; (2) the chances that litigation could have been avoided or settled and whether the successful party's efforts were superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4) whether the successfully party prevailed with respect to all relief sought; (5) the novelty of the questions presented; and (6) whether a fee award would discourage other parties with tenable claims or defenses from litigating or

defending legitimate contract issues for fear of incurring liability for fees.  *Id.*

Several of the *Warner* factors weigh in favor of a fee award.  Defendant could not have avoided litigation, it prevailed with respect to all relief sought, and its efforts were not superfluous to achieving that result.  Additionally, Plaintiff does not contend that a fee award would impose a hardship.

Nevertheless, the Court declines to award fees because the remaining *Warner* factors counsel against an award.  Recent developments in the law governing TILA rescissions prompted Plaintiff to pursue her claims.  *See Jesinoski v. Counrtywide Home Loans*, -- U.S. --, 135 S.Ct. 790 (2016).  In granting Defendant's motion to dismiss, the Court concluded that Plaintiff was collaterally estopped from re-litigating the validity of the trustee's sale or raising claims that necessarily assert and interest in the property because (1) she litigated the validity of the trustee's sale, along with the rescission issue, in a previous state court action and (2) the Arizona Court of Appeals ruled that the completion of the trustee's sale extinguished Plaintiff's interest in and claims related to the property.  (Doc. 40 at 3-4.)  As a result, the Court did not pass on the merits of Plaintiff's claims or her arguments concerning the effects of *Jesinoski*.

Further, the Court notes that TILA does not contain a provision allowing successful defendants to recover attorneys' fees.  Although TILA does not explicitly bar defendants from seeking fee awards under other applicable state statutes, TILA's fee shifting provision is designed to encourage plaintiffs to bring legitimate claims.  *See Boksa v. Keystone Chevrolet Co.*, 553 F. Supp. 958, 962 (N.D. Ill. 1982) (footnote omitted) ("To a certain extent TILA itself may encourage an 'industry' of bringing suits for damages and attorneys' fees, but that reflects a deliberate congressional choice with which this Court may not interfere.").  Because all TILA rescission claims necessarily arise out of contract, awarding fees in cases such as this could undermine that purpose by deterring future litigants from pursuing potentially meritorious claims based on changes in relevant law.  For these reasons,

1  **IT IS ORDERED** that Defendant's Motion for Attorneys' Fees (Doc. 41) is
2  **DENIED**.
3  Dated this 14th day of February, 2017.

Douglas L. Rayes
United States District Judge